## Bane *v.* William Windom Council, Appellant.

*Beneficial associations—By-laws—Death benefits—Delinquent dues—Evidence.*

1. The by-laws of a beneficial association provided that a member who was thirteen weeks in arrears for weekly dues, should not be entitled to sick benefits during illness nor funeral benefits in case of death. It was also provided that the association should "keep all members drawing benefits in good standing during their illness or disability by deducting from time to time from such benefits a sufficient amount for that purpose." It was also provided that after the first week's sickness a member should have sick benefits for thirteen weeks at the rate of $5.00 a week, and for the second thirteen weeks, $3.00 a week, and $2.00 a week thereafter. Death benefits were fixed at $250. A member became ill at a time when he was in good standing. After the expiration of thirteen weeks from the date when his illness began his brother paid

all the dues then in arrears, and continued to pay them until the member died. *Held,* (1) that as the illness of the member began at a time when the member was not thirteen weeks in arrears, it was the duty of the association to deduct the dues from the weekly sick benefits which were always sufficient in amount; (2) that the member never was in default in the payment of dues, whether they were deducted from his sick benefits or paid by his brother; and (3) that the next of kin of the member were entitled to death benefits.

2. In such a case a letter of the member to the association asking for a donation, and stating that he was debarred from receiving sick benefits, was immaterial.

*Evidence—Witness—Opinion of witness.*

3. Where a witness has testified as to what a person had said, the opinion of the witness as to what was meant by the language used is immaterial. It is for the jury under the direction of the court, to draw their conclusion as to what is the meaning of the words.

Argued Oct. 5, 1911. Appeal, No. 39, Oct. T., 1911, by defendant, from judgment of C. P. No. 5, Phila. Co., June T., 1909, No. 342, on verdict for plaintiff in case of Theodore Bane et al. v. William Windom Council No. 580 Order of Independent Americans. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit to recover death benefits. Before MARTIN, P. J.

At the trial the jury returned a verdict for plaintiff for $268.25.

On a motion for judgment non obstante veredicto MARTIN, P. J., filed the following opinion:

Plaintiffs allege the illness which caused the death of plaintiffs' decedent occurred while the deceased was a member in good standing and before the arrearages which were subsequently paid in full had accrued for over three months. This allegation is supported by the evidence. Plaintiffs' decedent became sick January, 1907, according to the testimony. We assume the decedent was bound by the by-laws of the council and of the order and are

considering the case under the by-laws. Assuming he was sick January 1, 1907, he would have been sick 116 days or sixteen weeks and four days on April 26, 1907. On April 26, 1907, the decedent owed $3.05, on which date, or a few days before that, this sum was paid. The decedent, therefore, owed twenty weeks' dues at fifteen cents per week. Twenty weeks prior to April 26, 1907, would date back to December 7, 1906. Therefore, on March 8, 1907, the decedent was thirteen weeks in arrears and would not be entitled to benefits until four weeks after the dues were paid, on or about April 26, 1907. Four weeks from April 26, 1907, would be May 24, 1907. But on January 1, 1907, when the illness began, the decedent was not thirteen weeks in arrears. He remained in good standing until he suffered himself "to become indebted for weekly dues for thirteen weeks or over." He was therefore in good standing until March 8, 1907, when, being thirteen weeks in arrears for his weekly dues, he lost his good standing. He did not become sick at a time when he was "in arrears to the Council for over three months" dues, for we have shown such a condition did not occur until March, and he was "taken sick" in January, 1907.

The proviso of art. V, sec. 1, does not apply to a member who is not over three months in arrears for dues at the time he is taken sick. At any time in January, 1907, the decedent could not have been more than eight weeks in arrears, dating the first of the twenty weeks from December 7, 1906. The illness of the plaintiffs' decedent, therefore, did not exclude his right to benefits where it is plain the illness began in advance of the date when he lost his good standing.

Under sec. 3 of art. XV, p. 14 of the laws, the decedent was a "beneficial member of this order" when he was taken sick in January, 1907, because he did not become, as we have shown, thirteen weeks in arrears until March 8, 1907.

We can find no error in the charge of the learned trial

452 BANE *v.* WILLIAM WINDOM COUNCIL, Appellant.

Opinion of Court below—Opinion of the Court.   [48 Pa. Superior Ct.

judge.   The question of fact was properly submitted to the jury.   There is nothing in the case of Tucker v. George Shiffler Council, Jr., O. U. A. M., 68 Legal Intelligencer, 18, which changes the conclusion we have reached.

The motion for judgment non obstante veredicto for the defendant is refused and the rule for a new trial is discharged.

*Errors assigned* among others were (1) refusal of judgment for defendant; (8, 9) rulings on evidence referred to in the opinion of the Superior Court.

*Alexander M. DeHaven,* for appellant.

*Julius B. Price, Jr.,* and *Charles H. Edmunds* for appellees.

OPINION BY BEAVER, J., March 1, 1912:

Three surviving brothers seek to recover, in an action of assumpsit, from the defendant, as next of kin of a deceased brother, $250, with interest thereon, as funeral benefits alleged to be due them from the defendant, by reason of his alleged beneficial interest therein.

It is provided in sec. 5 of art. X of the by-laws of the subordinate or defendant council: "Section 5.   Any brother who is thirteen weeks or more in arrears for weekly dues and shall become sick or disabled, shall not be entitled to any sick benefits during such sickness or disability, nor, in case of death, shall any funeral benefits be paid."

Section 2 of the same article provides as follows: "Provided always that such sickness or disability does not proceed from intemperance or other immoral conduct; . . . . and provided further, that such members are not thirteen weeks in arrears for weekly dues: and provided further, that it shall be the duty of the Council to keep all members drawing benefits in good standing during their illness or disability by deducting from time to time from such benefits a sufficient amount for that purpose."

As we understand the evidence, the decedent was not thirteen weeks in arrears at the time at which his sickness began. He was, therefore, beneficial until the period of thirteen weeks had elapsed, when, under ordinary conditions, he would have been in arrears; but, under the conditions of sec. 2 of art. X above quoted, it became the duty of the council to keep all members drawing benefits in good standing during their sickness or disability by deducting from time to time from such benefits a sufficient amount for that purpose.

Under sec. 1 of art. IV of the same by-laws, the decedent was entitled to receive weekly the sum of $5.00 for the first thirteen weeks, after the first week's sickness; no benefits to be paid for the first week's sickness, $3.00 for the second thirteen weeks; and $2.00 per week thereafter.

Under the second section of the same article, it is provided: "Section 2. On the death of any brother who is clearly entitled to death benefits, the sum of two hundred and fifty dollars shall be appropriated as death benefits, and in accordance with the laws governing such funeral or death benefits of the Association in which this Council may hold membership at the time of said brother's death."

There were, therefore, in the hands of the council, at the time when the decedent became nonbeneficial, sufficient sick benefits to provide for the payment of all of the delinquent dues, and, if we understand the by-laws there continued to be sufficient funds in the hands of the council to pay the dues as long as the decedent lived; but, in addition to this, the brother of the decedent paid all delinquent dues up to a certain date and continued to pay thereafter so long as he lived. The decedent was, therefore, not in default in the payment of dues, whether they were deducted from his sick benefits or paid by his brother. It is claimed, however, that under the by-laws of the defendant council, the dues having become delinquent, the payment by the brother did not restore the decedent to his beneficial connection with the council and that, therefore, this payment

did not avail and that, at the time of his death, not being entitled to sick benefits, he did not become by reason of his death entitled to the funeral or death benefits.

As to the fact of the decedent being beneficial at the time his sickness was contracted, it is said by the appellant in his argument: "It was agreed that, when the decedent was taken ill in January, 1907, he was in good standing, that he did not owe over thirteen weeks' dues to his council, and that, while ill, he became in arrears. The disease was consumption and was progressive in its character. He was taken to the hospital and, while there, he became in arrears and, on April 20, 1908, his brother, one of the plaintiffs, paid to the council $3.05, which was the amount due for arrears, at which time the financial secretary, Allen, told the brother, ' The payment would not entitle your brother to benefits on this sickness,' at which time the brother told him, 'I think he is going to make a die of it.'" This, however, does not give the whole of the conversation between the financial secretary, Allen, and the brother who paid the dues. There arose quite a distinct difference between them as to what occurred at that time, the brother asserting definitely that Allen told him that they would pay the funeral benefits, and, as we have already seen, it became the duty of the council, under its by-laws, to deduct the dues then due or overdue from the sick benefits to which the decedent was entitled.

So far as the testimony of the defendant shows, they paid nothing whatever toward the funeral expenses of their deceased member and assumed no responsibility of any kind therefor.

The decedent having died without widow or children, the plaintiffs are his next of kin, and it appears from the testimony, that they, or at least one of them, paid the funeral expenses. The question of their right to recover, as the next of kin, is not raised by the record, and we assume, therefore, that that question is not before us.

The defendant, in its eighth assignment, assigns for error the refusal of the court to admit certain letters of the dece-

dent in evidence, which relate to donations for which he applied, and in one of which he says: "Being in destitute circumstances and debarred from receiving sick benefits in the Wm. Windom Council No. 580 O. I. A., I now appeal to the Council for financial aid." It does not seem to us, however, that these letters were relevant to the issue then trying and they would at most have been an acknowledgment on the part of, or an acquiescence in the ruling of the council that the decedent was not entitled to sick benefits.

The ninth assignment alleges error on the part of the court in refusing the appellant's counsel permission to ask the witness on the stand: "Did you understand that to mean that you and the family would not be entitled to $250 as funeral expenses, but that the lodge would assume the funeral expenses?" The opinion of the witness as to what the language of the financial secretary meant was not important. Having testified to what the secretary said, it was for the jury, under the direction of the court, to draw their conclusion as to what the meaning of the words was.

Taking the case as a whole, therefore, we are of the opinion that the trial judge of the court below committed no error in the course of the trial and that the court in banc were also correct, under the reasonable interpretation of the by-laws which they made, in declining to grant judgment n. o. v., which is assigned in various forms for error by the appellant.

We are, therefore, of opinion that all of the assignments of error should be dismissed.

Judgment affirmed.